1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

LUANA KAUAI,

             Plaintiff,

    v.

KEYBANK NATIONAL
ASSOCIATION, et al.,

             Defendants.

C15-702-TSZ

ORDER

13

14

15

      THIS MATTER comes before the Court upon defendants' Motion for Summary
Judgment, docket no. 28, to which no opposition was filed.  For the reasons below, the
motion is GRANTED and this case is DISMISSED with prejudice.

16

**Background**

17

18

19

20

21

22

      Plaintiff Luana Kauai was employed by Keybank as a manager at the Normandy
Park branch until she was terminated on September 23, 2013.  The case arises out of a
sequence of applications by Kauai for leave under the Family Medical Leave Act
("FMLA") and its Washington analog.  Kauai applied for, and ultimately received,
twelve weeks of leave.  However, Kauai did not return to Keybank after her leave
expired.  After failing to respond to a series of letters from Keybank, Kauai was

23

ORDER - 1

terminated.  Subsequent to her termination, Kauai contacted Keybank and claimed she was owed additional funds, which Keybank then paid in full.

Kauai originally filed this lawsuit in King County Superior Court, naming only Keybank National Association and Keycorp.  After defendants removed, *see* docket no. 1, Kauai amended her complaint to add her former supervisor Courtney Jinjika, a resident of Washington, and moved to remand as the amendment destroyed diversity. Docket no. 10.  The Court denied that motion, as plaintiff alleged a claim under the FMLA, a federal statute, and thus had jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  Docket no. 18.  Approximately six months later, plaintiff's counsel withdrew and Kauai has failed to secure counsel and is thus deemed to be proceeding pro se.  Docket no. 24.  This motion followed.

**Discussion**

**A.      Standard of Review**

The Court should grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  While "all justifiable inferences" are to be drawn in favor of the non-moving party, *id.* at 255, when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party,

1   summary judgment is warranted.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*
2   *Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).

3   **B.   Analysis**

4          Kauai alleges the following claims: (i) interference with exercise of FMLA rights
5   and its Washington analog, RCW 49.78 *et seq.*; (ii) retaliation for exercise of those rights;
6   (iii) failure to pay for all hours worked;[1] (iv) retaliation for reporting illegal conduct; and
7   (v) wrongful termination in violation of public policy.  However, each claim is defeated
8   by the uncontroverted facts that Keybank allowed Kauai to take her full allotment of
9   FMLA leave, terminated her only because she failed to return to work after the expiration
10  of that leave, and paid out all funds claimed.

11         *1.     FMLA Interference*

12         The FMLA and its Washington analog provide employees with the right to take
13  unpaid leave in certain circumstances.  *Crawford v. JPMorgan Chase NA*, 983 F. Supp.2d
14  1264, 1269 (W.D. Wash. 2013) ("The Washington Family Leave Act mirrors its federal
15  counterpart and provides that courts are to construe its provisions in a manner consistent
16  with similar provisions of the FMLA.") (internal quotations omitted).  They prohibit an
17  employer from interfering with or restraining the exercise of those rights.  29 U.S.C.
18  § 2615(a)(1); RCW 49.78.300(1)(a).  The statutes create two related substantive rights: to
19  be able to take leave and to be able to return to one's job after taking leave.  *Sanders v.*

20

21  _____

22  [1] The Court combines ¶ 5.4 and ¶ 5.5 as they merely allege different statutes that were
    violated by a failure to pay wages owed.

23

ORDER - 3

1   *City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011) (recognizing the "retaliation" and

2   "interference" claims as conceptually distinct).  Kauai's FAC is sparse on details, but the

3   Court construes it as alleging that defendants prevented her from taking her from taking

4   leave she was entitled to and fired her for taking such leave.  FAC ¶¶ 5.2-5.3.

5           Kauai's interference claim fails because there is no genuine issue of material fact

6   as to whether defendants interfered with her ability to take FMLA leave.  The critical

7   element of a prima facie case for interference is that Kauai's "employer denied her

8   FMLA benefits to which she was entitled."  *Sanders*, 657 F.3d at 778 (citing *Burnett v.*

9   *LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006)).  The undisputed facts show that Kauai took

10  her full allotment of leave under the FMLA.  That statute provides for 12 weeks of leave

11  during any 12-month period.  29 U.S.C. § 2612.  Kauai's leave began on June 24, 2013

12  and was extended until September 15, 2013, a period of twelve weeks.  Jinjika Decl.,

13  docket no. 29, ¶¶ 3-6.  Because Kauai received all of the leave she was eligible for, she

14  cannot maintain a prima facie case for interference.  *See Crawford*, 983 F. Supp. 2d at

15  1271 ("Crawford cannot make a prima facie FMLA interference claim because he cannot

16  show any leave was denied.").  Accordingly, those claims are DISMISSED with

17  prejudice.[2]

18  _____

19  [2] Kauai's FAC also alleges that her supervisor, Jinjika, attempted to coerce her into
    returning from leave early and working while on leave.  FAC, docket no. 4, ¶¶ 4.5-4.7.

20  The only facts in the record, however, come from Jinjika's declaration which states that
    at "no time during Ms. Kauai's medical leave did I insist that she work; at no time during

21  Ms. Kauai's medical leave did I encourage her to return to work; at no time during Ms.
    Kauai's medical leave did I demand or require her to work."  Jinjika Decl., docket no. 29,

22  ¶ 10.  Thus, there are no genuine issues of material fact as to this point.

23

ORDER - 4

1      2.      *FMLA Retaliation*

2      Beyond merely entitling an employee to take leave, the FMLA guarantees that an

3   employee "has a right to return to his or her job or an equivalent job after using protected

4   leave." *Bachelder v. Am. W. Airlines, Inc.*¸ 259 F.3d 1112, 1122 (9th Cir. 2001) (citing

5   29 U.S.C. § 2614(a)).  Kauai alleges that she was retaliated against for taking FMLA

6   leave and for having complained about alleged interference with that right.  FAC, docket

7   no. 4, ¶ 5.3.  An employee alleging retaliation must show "by a preponderance of the

8   evidence that her taking of FMLA-protected leave constituted a negative factor in the

9   decision to terminate her."  *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir.

10  2003).  The Court construes Kauai's FAC as alleging that her termination constitutes the

11  retaliation for purposes of the FMLA.  However, the undisputed facts show that Kauai

12  was terminated for failing to return to work after the expiration of her leave.  Even

13  though defendants permitted Kauai to take more than the statutory allotment of FMLA

14  leave, Kauai failed to return to work.  Jinjika Decl., docket no. 29, ¶¶ 7-9.  Defendants in

15  fact warned Kauai that if she did not return on the date provided for that she would be

16  terminated.  *Id.* ¶ 7; *id.* Ex. C.  Kauai did not return to work, and she was thus terminated.

17  There is no triable issue of fact as to whether taking FMLA leave was a factor in her

18  termination: she simply did not return to work once her leave expired.[3]

19

20

21  _____

22  [3] The Court thus reaches the same conclusion with regards to Kauai's claim for
    termination in violation of public policy.  *See* FAC, docket no. 4, ¶ 5.7.

23

3.      *Unpaid Wages*

Kauai additionally alleges that defendants failed to pay her wages for hours worked in violation of various Washington statutory provisions.  FAC, docket no. 4, ¶¶ 5.4.-5.5.  The common core for each of these claims is that Kauai must have not been paid wages she was owed.  There is no evidence in the record that Kauai worked hours for which she was not compensated.  In addition, Kauai failed to respond to a Request for Admission ("RFA") which asked her to admit that she had "no evidence that shows KeyBank failed to pay you wages to which you were otherwise entitled."  McDougald Decl., docket no. 27, Ex. S.  Kauai failed to respond to the RFA, and thus the matter is deemed admitted.  Fed. R. Civ. P. 36(a)(3).  Because there is no evidence in the record that Kauai worked hours for which she was not compensated, these claims are DISMISSED with prejudice.

4.      *Retaliation for Reporting Labor Law Violations*

Kauai also alleges that she was retaliated against for reporting illegal conduct relating to withholding of wages and violations regarding employee breaks.  FAC, docket no. 4, ¶ 5.6.  The Court construes this allegation as bringing a claim under the Fair Labor Standards Act's anti-retaliation provision, 29 U.S.C. § 215(a)(3).  This provision prohibits discharging or otherwise discriminating against an employee "because such employee has filed any complaint."  The statute's use of "because" thus requires there to be a nexus between the complaint and the adverse employment decision.  Logically if the employer *does not know* of the complaint, it cannot take adverse action *because of* the complaint.  *See, e.g.*, *Singh v. Jutla & C.D. & R's Oil, Inc.*, 214 F. Supp. 2d 1056, 1059

(N.D. Cal. 2002) (noting that a "causal link must exist between the plaintiff's conduct and the employment action").  There is no evidence in the record that defendants were aware of any protected activity, and thus this claim is DISMISSED with prejudice.

**Conclusion**

For the above reasons, defendants' motion, docket no. 28, is GRANTED.  This action is DISMISSED with prejudice.[4]

IT IS SO ORDERED.

Dated this 1st day of August, 2016.

Thomas S. Zilly
United States District Judge

---

[4] Defendants' Motion to Compel Discovery, docket no. 26, is thus STRICKEN as moot.

ORDER - 7